IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 18, 2007 Session

**IN THE MATTER OF:  M.A.W.**

**Direct Appeal from the Juvenile Court for Shelby County**
**No. P155; P658     Herbert J. Lane, Judge**

_____

**No. W2006-02287-COA-R3-JV - Filed August 2, 2007**

_____

The trial court dismissed Father's petition to modify child custody upon determining no material change in circumstances had occurred.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and BEN H. CANTRELL, SP. J., joined.

Steven Roberts, Memphis, Tennessee, for the appellant.

Robert Samual Weiss, Memphis, Tennessee, for the appellee.

**OPINION**

This is a straightforward child custody modification case with a complicated procedural history.  Appellant Eric Wayne Williamson (Mr. Williamson) and Appellee Sharon Townsend (Ms. Townsend) are the parents of M.A.W., born May 22, 1998.  In May 2003, Mr. Williamson's parentage was established following his petition to establish parentage.  The trial court awarded Mr. Williamson and Ms. Townsend joint custody, with Ms. Townsend named primary custodian, and set Mr. Williamson's child support obligation at $521 per month, payable by income assignment. Mr. Williamson was also ordered to provide medical insurance and expenses for M.A.W.

On June 4, 2003, Ms. Townsend filed a petition stating that M.A.W. had been residing with her since birth and seeking custody.  This matter was docketed under number P658.  On January 12, 2004, Mr. Williamson, now a resident of Missouri, filed an intervening petition for sole custody alleging a material change in circumstance.  In his petition,  Mr. Williamson asserted that Ms. Townsend had not provided proper supervision for M.A.W.  On June 16, 2004, the juvenile referee established a visitation schedule and continued the matter.

The matter was heard by the trial court on June 16, 2004; neither party was represented by counsel. At the hearing Mr. Williamson argued that Ms. Townsend neglected M.A.W's medical needs where she failed to properly care for his asthma; that Ms. Townsend neglected M.A.W. where Ms. Townsend did not spend sufficient time with M.A.W., but left him with her sister or older daughter while she was at work and at school; and that Ms. Townsend failed to provide a suitable environment for M.A.W. in that she had a boyfriend who has a history of domestic violence. Mr. Williamson provided no proof of these allegations, however, other than his own assertions.

At the conclusion of the hearing, the trial court found that Mr. Williamson had not proved a change in circumstance warranting modification of custody. The trial court stated to Mr. Williamson,

> You've not presented one thing to the Court that would indicate that the mother has not properly cared for the child or presented the child in an unsafe environment. Therefore, I'm - - I will dismiss your petition at this time. We've given you visitation.

Mr. Williamson filed a petition to rehear on June 17, 2004. In the meantime, on August 9, 2004, Ms. Townsend and the State Child Support Services Division filed petitions against Mr. Williamson for contempt for failure to pay medical expenses. This matter was docketed under docket number P155. On September 14, 2004, under docket number P155, Mr. Williamson filed a petition to modify child support. On September 23, Mr. Williamson filed another request for a rehearing of the custody dispute, this time under docket number P658, the docket number of the original custody modification proceeding. The trial court granted Mr. Williamson's request the same day.

On October 20, 2004, the trial court denied Mr. Williamson's petition to modify child support under docket number P155 and ordered him to be confined to the Shelby County jail "until he purges himself of contempt by paying to the Clerk of the Court the sum of $500.00, a part of the amount he is in arrears." The trial court also ordered Mr. Williamson to pay Ms. Townsend's attorney's fees in the amount of $250. However, although the order contained a stamped signature by the juvenile court judge, it included no indication that it had been filed with the clerk of the court. Mr. Williamson filed a notice of appeal of the contempt matter to this Court on November 14, 2004.

In February 2005, Mr. Williamson failed to appear at the rehearing of the custody matter docketed under number P658. The trial court therefore dismissed Mr. Williamson's petition to rehear and reaffirmed its order of June 16, 2004. Like the October 2004 order, however, this order included no indication that it had been filed with the clerk of the court.

After reviewing Mr. Williamson's notice of appeal of the matter docketed under number P155, this Court ordered Mr. Williamson to show cause why the matter should not be dismissed for lack of a final judgment. In May 2005, Mr. Williamson, now represented by counsel, filed a motion

to consolidate the matters docketed under numbers P155 and P658 in the trial court. The matters were consolidated by the trial court on June 22, 2005.

On June 1, 2006, this Court dismissed the matter for lack of jurisdiction because the trial court's orders did not "bear any indicia, on their face, of entry by the clerk of the court." The trial court properly filed its order, amended certificates of service were entered, and the order became final on September 11, 2006. Oral argument was heard in this Court on July 18, 2007. We affirm the judgment of the trial court.

## *Issue Presented*

The sole issue presented for our review is whether the trial court erred in determining that no material change in circumstance warranting the modification of child custody has occurred since the entry of the initial custody order.

## *Standard of Review*

Our review of a trial court's conclusions on issues of law is *de novo*, with no presumption of correctness. *Kendrick v. Shoemake*, 90 S.W.3d 566, 569 (Tenn. 2002). Our review of a trial court's findings on issues of fact is *de novo* upon the record, accompanied by a presumption of correctness unless the evidence preponderates otherwise. *Id.* at 570; Tenn. R. App. P. 13(d). Where the trial court makes no specific findings of fact on a matter, we must review the record to determine where the preponderance of the evidence lies and accord no presumption of correctness to the conclusion of the court below. *Kendrick*, 90 S .W.3d at 570.

## *Analysis*

A valid child custody or visitation order may be modified where a material change of circumstance has occurred such that a change is in the best interest of the child. Tenn. Code Ann. § 36-6-101(a)(2)(B) & (C)(2005). Thus, the court must utilize a two-part test in determining whether a change of custody or visitation is warranted. First, it must determine whether a material change of circumstance has occurred that affects the child's well being. Second, if it finds a material change of circumstance that affects the child, the court must utilize the factors enumerated in Tenn. Code Ann. § 36-6-106 to determine whether a change of custody is in the best interests of the child. *Cranston v. Combs*, 106 S.W.3d 641, 644 (Tenn. 2003)(citations omitted).

The Tennessee Supreme Court has observed that no "bright-line" rule exists for determining whether a material change in circumstance has occurred. *Id.* The court has identified several factors for consideration, however, including 1) whether a change has occurred subsequent to the order from which modification is sought; 2) whether such a change was not known or reasonably anticipated when the order was entered; 3) whether the change is one which affects the child in a meaningful way. *Id.* (citations omitted). The party asserting a material change of circumstance is not required to demonstrate a substantial risk of harm to the child. Tenn. Code Ann. § 36-6-101(a)(2)(B) &

(C)(2005). Further, the failure to adhere to a parenting plan or order of custody, or circumstances that make the parenting plan no longer in the best interest of the child, may constitute a material change of circumstance. *Id.*

In the present case, Mr. Williamson's allegation, as we understand it, is that Ms. Townsend's conduct constitutes a material change in circumstance that has occurred since entry of the trial court's 2003 custody order. Specifically, Mr. Williamson asserts Ms. Townsend has failed to properly care for M.A.W.'s asthma; that Ms. Townsend has neglected and failed to supervise M.A.W. by leaving him in the care of Ms. Townsend's sister and older daughter while Ms. Townsend is at work or school; and where Ms. Townsend has exposed M.A.W. to her boyfriend, who has a history of domestic violence. Ms. Townsend denied that she neglected the child's medical needs. She testified that she works nights Monday through Thursday and her 15 year old daughter and her sister help with child care when she is working and attending school. Having the opportunity to observe witnesses as they testify and to assess their demeanor, trial courts are in a better position to resolve factual disputes hinging on credibility determinations than our appellate courts. Therefore, we will not re-evaluate the trial court's assessment of witness credibility absent clear and convincing evidence to the contrary. *Wells v. Tenn. Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999).

Upon review of the record, we agree with the trial court that Mr. Williamson has failed to carry his burden of proof to demonstrate a material change in circumstance or to demonstrate that M.A.W. has been neglected or subject to unsuitable living conditions. The evidence in the record does not preponderate against the trial court's determination.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed in its entirety. Costs of this appeal are taxed to the Appellant, Eric Wayne Williamson, and his surety, for which execution may issue if necessary.

 

 

                    _____

                    DAVID R. FARMER, JUDGE